UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUANN WILLIAMS,

    Plaintiff,

v.                                    CASE No. 8:09-CV-1519-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

ORDER
===

The plaintiff in this case seeks judicial review of the denial of her claims for a closed period of Social Security disability benefits and supplemental security income payments.* The claims were denied on the ground that the plaintiff was engaged in substantial gainful activity. Because the decision of the Commissioner of Social Security inadequately explains for a portion of the period why the plaintiff's work constituted substantial gainful activity, the decision will be reversed and the matter remanded for further proceedings.

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

I.

The plaintiff, who was forty-five years old at the time of the administrative hearing and who has a high school education, has worked primarily as an assistant director for a learning center (Tr. 348, 349, 350). The plaintiff filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on March 17, 2006, due to kidney stones (Tr. 157, 179). After her alleged onset date, the plaintiff worked as a filer, product counter, and nighttime caretaker for small children (Tr. 354). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a *de novo* hearing before an administrative law judge. At the hearing, the plaintiff asked for a closed period of disability beginning March 17, 2006, and ending on December 31, 2007 (Tr. 347). The law judge found that the plaintiff had engaged in substantial gainful activity and that there has been no continuous twelve-month period during which the plaintiff was not engaging in substantial gainful activity (Tr. 15-16). Based upon these findings, the law judge ruled that the plaintiff was not disabled during the period at issue (Tr.

16). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff, as indicated, filed an application for benefits alleging that she became disabled on March 17, 2006. Subsequently, the plaintiff requested consideration of a closed period of benefits from her alleged onset date through December 31, 2007 (Tr. 347). The plaintiff, however, worked, somewhat sporadically, for a number of months during that period.

Significantly, the Commissioner has established a sequential analysis for evaluating disability claims, and the first step of that analysis provides that, if a claimant is doing substantial gainful activity, she will be found not disabled. 20 C.F.R. 404.1520(a)(4)(i), 916.920(a)(4)(i). In this case, the law judge denied the plaintiff's claims at step one, because he determined that her earnings showed that she had engaged in substantial gainful activity during the two years (Tr. 15).

The plaintiff challenges the law judge's determination that she had engaged in substantial gainful activity (Doc. 21, p. 6). As the Com-

missioner points out, the plaintiff's calculations of her substantial gainful activity are erroneous (Doc. 22, pp. 7-8). Nevertheless, the plaintiff has raised the issue whether the law judge's methodology is correct. It is not for 2006, but it is for 2007.

The regulations provide that earnings from work activity will be considered substantial gainful activity if the monthly average of the earnings exceeds a certain amount. 20 C.F.R. 404.1574(b), 416.974(b). As the Commissioner explains, for 2006 that amount was $860 per month, and for 2007 was $900 per month (Doc. 22, p. 4). Moreover, the operating procedures provide that where, as here, the amounts differ, separate calculations are required for each year (id., pp. 4-5). Consequently, the earnings from work activity for 2006 and 2007 are considered separately to determine the months there was substantial gainful activity in those years.

For 2006, the law judge erred, as the Commissioner acknowledges, by including earnings received before the disability onset date of March 17, 2006, when she was still working (id., p. 6). Excluding those earnings, the plaintiff worked for six months in 2006, which the Commissioner also acknowledges (Doc. 24, p. 3; see also Doc. 22, p. 7). The

Commissioner recognizes further that this raises the issue whether this activity should be disregarded as an unsuccessful work attempt (Doc. 24, p. 3).

The regulations state that, "[o]rdinarily, work you have done will not show that you are able to do substantial gainful activity if, after working for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings from such work fall below the substantial gainful activity earnings level." 20 C.F.R. 404.1574(c)(1), 416.974(c)(1). They explain further that, if a claimant worked at the substantial gainful activities earning level between three and six months, as in this instance, the work will be considered unsuccessful if it ended or was reduced "because of [her] impairment or because of the removal of special conditions" and (1) she was frequently absent from work because of her impairment; (2) her work was unsatisfactory because of her impairment; (3) she worked during a period of temporary remission of her impairment; or (4) she worked under special conditions that were essential to her performance and these conditions were removed. 20 C.F.R. 404.1574(c)(4), 416.974(c)(4).

Thus, whether the six months that the plaintiff worked in 2006 after her disability onset date may be considered substantial gainful activity depends upon an evaluation of the factors set out in the regulations. The law judge, however, did not conduct any assessment of those factors, possibly because he considered the plaintiff to have worked more than six months due to the inclusion of the earnings prior to the disability onset date. Whatever the reason, the law judge failed to consider whether the six months of earnings in 2006 after the disability onset date constituted an unsuccessful work attempt. Consequently, the law judge's assessment of 2006 was deficient.

The Commissioner argues that the evidence shows that her absences from work were not caused by her impairments and thus did not constitute an unsuccessful work attempt (Doc. 24, pp. 4-5). However, these arguments cannot substitute for a properly explained decision by the law judge dealing with the plaintiff's ability to work in 2006. It is a basic proposition of administrative law that post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative

decision. <u>Motor Vehicle Manufacturers Ass'n of the United States, Inc.</u> v. <u>State Farm Mutual Automobile Ins. Co.</u>, 463 U.S. 29, 50 (1983).

While the assessment of work in 2006 was inadequate, the Commissioner's chart clearly shows that the work in 2007 did constitute substantial gainful activity (Doc. 22, p. 7). Thus, the work lasted for more than six months and it exceeded a monthly average of $900. Accordingly, this work is not considered an unsuccessful work attempt under the regulations. 20 C.F.R. 404.1574(c)(5), 416.974(c)(5).

In sum, at this point, the work in 2006 after the disability onset date of March 17, 2006, cannot be considered substantial gainful activity due to the inadequate analysis. And the work in 2007 commenced on April 28, 2007 (Doc. 22, p. 7). Consequently, there is a potential for a disability lasting for a continuous period of at least twelve months.

This conclusion undermines the law judge's determination that "[t]here was no continuous 12-month period during which the claimant was not engaged in substantial gainful activity" (Tr. 16). Since this was the basis for the finding that the plaintiff was not disabled, that finding cannot stand and a remand is warranted.

On remand, if the Commissioner finds under the regulatory criteria that the work in 2006 was substantial gainful activity, and not an unsuccessful work attempt, the plaintiff's claim would fail due to the absence of a disability for a continuous period of twelve months. However, if the Commissioner finds that the work in 2006 after the disability onset date was an unsuccessful work attempt, he would proceed further with the sequential analysis.

It is, therefore, upon consideration

ORDERED:

For the foregoing reasons, the decision of the Commissioner is deficient. Consequently, the Commissioner's decision is hereby REVERSED, and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this 8th day of June, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE